1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALEXANDER BERNSTEIN,

          Plaintiff,

      v.

VOCUS, INC., et al.,

          Defendants.

Case No. 14-cv-01561-TEH

**ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS'
MOTION TO DISMISS**

      This matter came before the Court on June 30, 2014, on Defendants' motion to dismiss the First Amended Complaint ("FAC") of Plaintiff Alexander Bernstein ("Plaintiff"). After considering the parties' written and oral argument, and relevant law, the Court GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss for the reasons discussed below.

**BACKGROUND**

      This case involves an alleged breach of an employment contract, following the acquisition of Plaintiff's company, North Venture Partners, LLC by Defendant Vocus, Inc. ("Defendants" or "Vocus") in February 2011.[1] The following allegations are drawn from

---

[1]     Vocus, Inc. is the sole member of Vocus Social Media, LLC, which is the successor to North Social Apps, LLC. *See* FAC ¶ 5. Plaintiff also brings suit against North Social Apps, LLC and Vocus Social Media, LLC. Defendants confirm that Defendant Vocus Social Media, LLC previously operated under the name North Social Apps, LLC. *See* Declaration of Kristie Scott in Support of Defendant's Notice of Removal ("Scott Decl.") ¶¶ 2-3, Docket No. 1-7. For the sake of simplicity, the Court refers to these entities, in

1    Plaintiff's FAC.  *See* Docket No. 15.  On February 24, 2011, Plaintiff and Vocus executed

2    an asset purchase agreement, along with a corresponding two-year written employment

3    contract.  *See* FAC ¶ 7.  Plaintiff fully performed under this contract.  In March of 2013,

4    Plaintiff entered into an oral agreement with Vocus, Inc. and North Social Apps, LLC to

5    extend the period of Plaintiff's employment "to assist with the transition of North Social

6    software into the Vocus system," the terms of which were confirmed by subsequent email

7    communications.  *Id*. ¶ 8.  The emails are not attached to the FAC.

8         In exchange for assistance with transitioning customers for a "period of up to seven

9    (7) months," Defendants promised him payment consisting of: (1) base pay of $275,000,

10   together with all benefits which had been provided under the 2011 written employment

11   contract; (2) an award of restricted Vocus stock (which was represented to provide a

12   "minimum" of $300,000 in compensation); and (3) sliding scale bonuses based upon

13   certain performance parameters.  *See id.* ¶¶ 8-9.  All in, Plaintiff alleges that he was to

14   receive "close to" $1,000,000, although in other portions of the FAC, he maintains he "was

15   promised payment of $1,000,000."  *Id*. ¶¶ 9, 11.  Plaintiff fully performed under the oral

16   agreement but Defendants breached by failing to make all payments due thereunder.  *See*

17   *id*. ¶ 10.  Defendants failed to pay accrued benefits, certain salary and bonuses, and

18   sufficient Vocus stock to reach the promised $300,000.  *See id.* ¶ 11.  Moreover,

19   Defendants "manipulated relevant data in an attempt to reduce the amount owing to

20   plaintiff."  *Id*. ¶ 12.  Consequently, Defendants only paid Plaintiff $142,636 as salary and

21   $198,300 in stock.  *Id*. ¶ 11.  On the basis of these allegations, Plaintiff sued Defendants on

22   February 11, 2014, in California Superior Court, for the County of Alameda.  On April 4,

23   2014, Defendants removed the action to this Court on the basis of diversity jurisdiction.

24

25   **LEGAL STANDARD**

26        Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a

27

28   addition to Vocus, Inc., as "Defendants" or "Vocus," unless otherwise specified.

United States District Court
Northern District of California

1  plaintiff's allegations fail "to state a claim upon which relief can be granted."[2]  Fed. R.

2  Civ. P. 12(b)(6).  In ruling on a motion to dismiss, a court must "accept all material

3  allegations of fact as true and construe the complaint in a light most favorable to the non-

4  moving party."  *Vasquez v. Los Angeles Cnty.,* 487 F.3d 1246, 1249 (9th Cir. 2007).  On a

5  motion to dismiss, a court evaluates a complaint for: "sufficient factual matter, accepted as

6  true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility

7  when the plaintiff pleads factual content that allows the court to draw the reasonable

8  inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556

9  U.S. 662, 678 (2009) (internal citations and quotations omitted).  The Court is not "bound

10  to accept as true a legal conclusion couched as a factual allegation."  *Id.* (internal quotation

11  marks omitted).  A dismissal under Rule 12(b)(6) "can be based on the lack of a

12  cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

13  theory."  *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

14          To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim

15  to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570

16  (2007).  This "requires more than labels and conclusions, and a formulaic recitation of the

17  elements of a cause of action will not do."  *Id.* at 555.  Plausibility does not equate to

18  probability, but it requires "more than a sheer possibility that a defendant has acted

19  unlawfully."  *Iqbal,* 556 U.S. at 678.  Dismissal of claims that fail to meet this standard

20  should be with leave to amend unless it is clear that amendment could not possibly cure the

21  deficiencies in the complaint.  *Steckman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1296 (9th

22  Cir. 1998).

23

24  **DISCUSSION**

25          Defendants move to dismiss all claims under Rule 12(b)(6).  For the reasons

26  discussed below, Defendants' motion is GRANTED IN PART and DENIED IN PART.

27

28  [2]          All references to "Rule" hereinafter refer to the Federal Rules of Civil Procedure.

United States District Court
Northern District of California

# I.      Plaintiff States a Claim for Breach of Contract.

Defendants move to dismiss Plaintiff's First Claim for Relief because, they contend, the FAC does not plausibly allege the existence of a contract.  Under California law, to state a claim for breach of contract, the plaintiff must plead: (1) the existence of a contract; (2) the plaintiff's performance or excuse for nonperformance; (3) the defendant's breach; and (4) damages to the plaintiff as a result of the breach.  *See CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008).  Here, Defendants contend that Plaintiff fails to allege facts sufficient to support all four of these elements, although they primarily argue that Plaintiff has not alleged facts sufficient to support the existence of a contract.  *See* Defs.' Mot. at 4-6, Docket No. 18.  As a preliminary matter, Plaintiff alleges that (1) there was a contract; that (2) Plaintiff performed from March of 2013 until September 30, 2013 under the contract, *see* FAC ¶¶ 8, 18; (3) that Defendants failed to pay as promised, *see id.* ¶¶ 10, 11; and (4) that Plaintiff was damaged by this non-payment, *see id.* ¶ 15. Defendants, however, contend Plaintiff fails to allege facts that establish the first element of his breach of contract cause of action – the existence of a contract itself.  Defs.' Mot. at 5-6.  Given Rule 8's liberal pleading standards, the Court disagrees.

"A contract of employment is governed by the same rules applicable to other types of contracts . . . ."  *Reynolds Elec. & Engineering Co. v. Workmen's Comp. Appeals Bd.*, 65 Cal. 2d 429, 433 (1966).  To plead the existence of a contract, a plaintiff must allege facts showing: "(1) parties capable of contracting; (2) their consent; (3) a lawful object; and (4) a sufficient cause or consideration."  Cal. Civ. Code § 1550.  An employment contract will contain essential terms, such as salary and start date.  *See Bradix v. Seton Med. Ctr.*, No. C12-2096 SI, 2013 WL 450381, at *3 (N.D. Cal. Feb. 5, 2013).  Moreover, the exchange of performance in a position conferring a benefit on the employer in exchange for payment constitutes consideration for the contract.  *See id.*; *see also, e.g.*, Cal. Civ. Code § 1605 ("Any benefit conferred, or agreed to be conferred, upon the promisor, by any other person, to which the promisor is not lawfully entitled . . . as an inducement to the promisor, is a good consideration for a promise.")

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

While Plaintiff's complaint is far from a model of clarity, drawing all reasonable inferences in Plaintiff's favor, the Court finds Plaintiff sufficiently alleges the existence of an oral employment contract.  Plaintiff identifies the essential terms of the alleged contract: (1) Rick Rudman, as "CEO of Vocus," was capable of contracting on behalf of Defendants, *see* FAC ¶ 30; (2) Rudman was the individual who, in March of 2013, represented that Plaintiff would be compensated for "work undertaken as part of the transition of North Social software to Defendants," and Plaintiff continued to work, thus manifesting the parties' consent to contract, *see id.*; (3) the object of the contract was Plaintiff's employment to aid in this transition following the expiration of his previous contract; and (4) the consideration consisted of Plaintiff's continued assistance with the transition in exchange for payments close to $1,000,000, including restricted Vocus stock worth a minimum of $300,000, a sliding scale bonus, and base pay of $275,000 during this period, *see id.* ¶¶ 8, 9.[3]  Thus, Plaintiff sufficiently pleads the existence of a contract and its breach through Defendants' alleged non-performance.

Defendants' arguments to the contrary are unavailing.  Defendants argue, without citation to authority, that Plaintiff is required to attach email communications to his complaint.  *See* Defs.' Mot. at 11.  There is no such requirement.  While Defendants assert confusion as to who is accused of the breach, Plaintiff claims he was employed by Vocus and North Social Apps, LLC, and Defendants acknowledge that Defendant Vocus Social Media is the successor to North Social Apps, LLC.  *See* FAC ¶ 8; Scott Decl. ¶¶ 2-3. Plaintiff alleges all Defendants breached the contract.  At this procedural stage, the Court assumes the truth of Plaintiff's allegations, and observes no confusion about which employers he alleges breached his contract.  Lastly, the Court rejects Defendants' contention that Plaintiff failed to plead facts alleging a breach "with specificity."  Defs.' Reply at 4, Docket No. 20.  Plaintiff alleges that he was only partially compensated for

---

[3]       Plaintiff clarified at oral argument that these were the only forms of compensation, as opposed to a separate monthly payment of $142,857.  *See* FAC ¶ 8.  Plaintiff should clarify this portion of his pleading on amendment.

1    work completed – including stock worth less than $300,000, in addition to an amount less

2    than the promised base compensation.  *See* FAC ¶¶ 9, 11.  This level of specificity is

3    sufficient.  Accordingly, Defendants' motion to dismiss Plaintiff's First Claim for Relief

4    for breach of contract is DENIED. [4]

5

6    **II.    Plaintiff Fails to State a Claim for a "Statutory Violation."**

7            Defendants move to dismiss Plaintiff's Second Claim for Relief, in which Plaintiff

8    alleges an undefined "statutory violation" of California law.  Plaintiff alleges he was

9    promised a payment of $1,000,000, and that Defendants "willfully failed to promptly pay

10   all wages due" to him by paying only $340,936.  FAC ¶¶ 9, 18.

11           Rule 8 requires that "allegations in a complaint . . . may not simply recite the

12   elements of a cause of action, but must contain sufficient allegations of underlying facts to

13   give fair notice and to enable the opposing party to defend itself effectively."  *Starr v.*

14   *Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011); *see also* Fed. R. Civ. P. 8(a)(2).  Defendants

15   contend that Plaintiff fails to "specially identify on which statute he is suing."  Defs.' Mot.

16   at 6.  However, as "contemplated by the regime of liberal notice pleading," Plaintiff's

17   "complaint need not identify the statutory or constitutional source of the claim raised in

18   order to survive a motion to dismiss."  *Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008)

19   (citations omitted).  Thus, Plaintiff's Second Claim for Relief is not rendered deficient

20   because he declined to specifically set forth the statute under which he seeks relief.

21           The Second Claim for Relief, however, falls short because Plaintiff fails to set forth

22   the elements of the claim and the facts that support them.  "[F]actual allegations plead

23   _____

24   [4]      Plaintiff requests that the Court judicially notice Defendants' removal petition, the
     Scott Declaration in support of removal, and Vocus Social Media, LLC's articles of
25   incorporation.  *See* Request for Judicial Notice, Docket No. 19-1.  "A court may take
     judicial notice of matters of public record without converting a motion to dismiss into a
26   motion for summary judgment," as long as the facts noticed are not "subject to reasonable
     dispute."  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citation and
27   internal quotation marks omitted).  The Court GRANTS the request.  However, the Court
     declines to construe Defendants' removal petition as an admission by Defendants of the
28   *sufficiency* of Plaintiff's pleading.  That Defendants can understand the gist of Plaintiff's
     claims for removal purposes is immaterial to the Court's inquiry under Rule 12(b)(6).

United States District Court
Northern District of California

without direct connection to a particular legal theory must still establish a complete cause of action.  This is because the court usually begins its dismissal analysis by 'taking note of the elements a plaintiff must plead to state a claim' and then examines whether the alleged facts meet these elements."  *Incorp Services, Inc. v. IncSmart.biz, Inc.*, No. 5:11-CV-04660 EJD, 2013 WL 394023, at *3 (N.D. Cal. Jan. 30, 2013) (citing *Iqbal*, 556 U.S. at 675).  Here, the Court cannot assess whether Plaintiff alleges facts that meet the elements of a cause of action for this undefined statutory violation.  Accordingly, the Court GRANTS Defendants' motion to dismiss the Second Claim for Relief WITH LEAVE TO AMEND.[5]

### III.    Plaintiff States a Claim under California Labor Code Section 203.

Plaintiff alleges in his Third Claim for Relief a violation of California Labor Code section 203, which prohibits the willful failure to pay wages owing after an employee is discharged or quits.  California Labor Code section 203 provides that:

> [i]f an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

Cal. Labor Code § 203.  Plaintiff alleges that his employment ended September 30, 2013, *see* FAC ¶ 18, and Defendants have failed to pay him salary, bonus, and stock owing.

Defendants argue that this claim fails for several reasons, none of which the Court finds persuasive.  First, while Defendants suggest that Plaintiff did not specifically allege "which Defendant" failed to pay his wages, Defs.' Mot. at 6, Plaintiff actually alleges that "Defendants, *and each of them*, have willfully failed to promptly pay all wages to Plaintiff."  FAC ¶ 22 (emphasis added).  Assuming the truth of this allegation, as the Court

---

[5]    At oral argument, Plaintiff's counsel suggested that the "statutory violation" referred to in the Second Claim for Relief is California Labor Code section 201.  On amendment, Plaintiff should allege the elements and facts that support this claim, and for the sake of clarity, he should specifically allege which Defendant is liable on each of his claims for relief.

United States District Court
Northern District of California

must on a motion to dismiss, Plaintiff alleges that *all* Defendants violated Labor Code section 203.  Second, Defendants argue that this claim fails because they cannot discern what portions of Plaintiff's alleged payments are "wages."  California law, however, views wages broadly.  "'Wages' includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task . . . or other method of calculation," and "labor" includes service rendered under contract.  Cal. Labor Code § 200.  Thus, Plaintiff's allegations that Defendants failed to pay him salary, bonus, and stock is sufficient to state a claim under Labor Code section 203.  *See, e.g.*, *Schachter v. Citigroup, Inc.* 47 Cal. 4th 610, 618-19 (2009) (noting that "[i]ncentive compensation, such as bonuses and profit-sharing plans, also constitute wages," as do "shares of restricted stock").  The completion of Plaintiff's employment obligations under a fixed-term agreement constitutes a discharge within the meaning of Labor Code section 203, from which Plaintiff may seek unpaid wages.  *See Telles v. Li*, No. 5:11-CV-01470-LHK, 2013 WL 5199811, at *7 (N.D. Cal. Sept. 16, 2013) (quoting *Smith v. Superior Ct.*, 39 Cal. 4th 77, 92 (2006)).  Thus, Plaintiff pleads sufficient facts to state a claim under Labor Code section 203 – Defendants owed, and did not pay, wages he was entitled to at the time his employment ended.  Therefore, the Court DENIES Defendants' motion to dismiss Plaintiff's Third Claim for Relief.

## IV.   Plaintiff States a Claim Under California Labor Code Section 227.3.

Plaintiff alleges in his Fourth Claim for Relief that "Defendants, and *each* of them" violated California Labor Code section 227.3 when they failed to pay him all vested vacation time.  *See* FAC ¶ 26 (emphasis added).  Labor Code section 227.3 provides that:

> whenever a contract of employment . . . provides for paid vacations, and an employee is terminated without having taken off his vested vacation time, all vested vacation shall be paid to him as wages at his final rate in accordance with such contract of employment or employer policy respecting eligibility or time served . . . .

Cal. Labor Code § 227.3.  Vacation is considered "deferred compensation," and therefore

"earning it is not conditioned upon anything other than the employee's rendering services for the employer." *Paton v. Advanced Micro Devices, Inc.*, 197 Cal. App. 4th 1505, 1519 (2011). Plaintiff alleges that he rendered services to Defendants, in part, on the promise of "paid vacation and floating holiday benefits." FAC ¶ 30. Plaintiff alleges that when his employment ended without using his vacation time, Defendants were required to pay him "22 days of vested vacation and floating holiday time" as wages, in accordance with Labor Code section 227.3, and that they failed to do so. *Id.* ¶ 26. Therefore, Plaintiff adequately pleads facts sufficient to state a claim for a violation of Labor Code section 227.3. Accordingly, Defendants' motion to dismiss the Fourth Claim for Relief is DENIED.

## V.     Plaintiff Fails to State a Claim for Fraud.

Plaintiff alleges in his Sixth Claim for Relief that Defendants are liable for fraud. Rule 9(b)'s particularity requirement applies to state-law causes of action for fraud. *See Vess v. Geigy Corp. USA,* 317 F.3d 1097, 1103 (9th Cir. 2003) (alteration and emphasis in original) (citation omitted) ("[W]hile a federal court will examine state law to determine whether the elements of fraud have been plead sufficiently to state a cause of action, the Rule 9(b) requirement that the *circumstances* of the fraud must be stated with particularity is a federally imposed rule."). To state a claim for fraud under California law, a plaintiff must allege "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1126 (9th Cir. 2009) (emphasis omitted) (quoting *Engalla v. Permanente Medical Group, Inc.,* 15 Cal. 4th 951, 974 (1997)).

Defendants argue that Plaintiff fails to meet Rule 9(b)'s heightened pleading and particularity requirements with respect to Plaintiff's Sixth Claim for Relief for fraud. The Court agrees. "Averments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged. [A] plaintiff must set forth *more* than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or

United States District Court
Northern District of California

1   misleading about a statement, and why it is false." *Vess*, 317 F.3d at 1106 (emphasis and

2   alterations in original) (internal quotation marks and citations omitted).  While the Ninth

3   Circuit has held that the Rule 9(b) requirements are relaxed when the matters are within

4   the opposing party's knowledge, especially when those defendants are corporate entities,

5   *see Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989), this does not

6   relieve Plaintiff of his obligation to identify with particularity the source of information in

7   this case.  *See id.* (noting that in the case of "corporate fraud, the allegations should include

8   the misrepresentations themselves with particularity and, where possible, the roles of the

9   individual defendants in the misrepresentations.")

10      Here, although Plaintiff alleges *when* the alleged fraud took place – October of 2013

11  – he fails to identify *who* represented to him an "accounting," which he contends

12  Defendants knew to be false.  He does not identify *what* information the accounting

13  contained, and what it failed to disclose.  He does not state *how* this information was

14  communicated to him.  The Rule 9(b) relaxed-pleading exception from *Moore* "does not

15  nullify Rule 9(b); a plaintiff who makes allegations on information and belief must state

16  the factual basis for the belief."  *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).

17  "A plaintiff must identify the complete facts supporting a fraud claim before alleging fraud

18  in its complaint: allegations of fraud may not depend on facts to be uncovered in

19  discovery."  *Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, No. 1:11-CV-

20  00030-AWI-SMS, 2012 WL 6097105, at *6 (E.D. Cal. Dec. 7, 2012) (citation omitted).

21  Plaintiff did not meet his Rule 9(b) burden here.

22      Additionally, it is unclear on what theory of fraud Plaintiff seeks relief.  To the

23  extent Plaintiff alleges an action for "fraudulent concealment" based on Defendants'

24  failure "to disclose certain financial information," FAC ¶ 36, Plaintiff does not allege *what*

25  facts were concealed, and critically, what duty obligated Defendants to disclose these facts

26  to Plaintiff.  *See Boschma v. Home Loan Ctr., Inc.*, 198 Cal. App. 4th 230, 248 (2011)

27  (stating that the elements of an action for fraudulent concealment include, *inter alia*, that

28  the defendant must have been under a duty to disclose the fact to the plaintiff, and that the

United States District Court
Northern District of California

1   defendant must have intentionally concealed or suppressed the fact with the intent to

2   defraud the plaintiff).  These pleading deficiencies are also fatal to Plaintiff's fraud claim.

3   The Court GRANTS Defendants' motion to dismiss the Sixth Claim for Relief WITH

4   LEAVE TO AMEND.  Any amendment shall specifically allege on what theory of fraud

5   his Sixth Claim for Relief is based, including the "who, what, where, when and how" of

6   the fraud (e.g. *who* misrepresented *what* data to him, or *what* facts Defendants failed to

7   disclose and *when*, and *what* duty Defendants were under to disclose such facts).

8

9   **VI.   Plaintiff Fails to State a False Promise Claim.**

10         Plaintiff alleges in his Fifth Claim for Relief that Defendants are liable under a false

11  promise fraud theory.  To plead a false promise fraud claim, Plaintiff must allege (1) a

12  promise of an intent to perform in the future; (2) without an actual intent to perform at the

13  time of the promise; (3) an intention that the plaintiff rely on the promise; (4) actual

14  reliance by the plaintiff; (5) the defendant's failure to perform the promised act; and (6)

15  resulting harm.  *See Beckwith v. Dahl*, 205 Cal. App. 4th 1039, 1060 (2012).  Defendants

16  contend that Plaintiff has not met Rule 9(b)'s requirement of pleading with particularity

17  the circumstances constituting fraud, which applies to a false promise claim.  *See Valencia*

18  *v. Sharp Elec. Corp.*, —Fed. Appx.—, No. 12-16044, 2014 WL 878843, at *1 (9th Cir.

19  2014) (applying heightened pleading standard to a false promise claim).  As stated above,

20  "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of

21  the misconduct charged."  *Vess*, 317 F.3d at 1106.

22         Here, Plaintiff alleges (1) that the CEO of Vocus, Inc. (the who) orally promised

23  various forms of compensation to Plaintiff (the how) in March of 2013 (the when),

24  including payment of $1,000,000 for his services (the what), *see* FAC ¶ 30; (2) that

25  Defendants never intended to be bound by the representation, *see id.* ¶ 31; that Plaintiff

26  continued working for Defendants based upon this misrepresentation, thereby manifesting

27  his (3) intent to rely on the promise, in addition to (4) actual reliance, *see id.* ¶ 32; (5) that

28  Defendants did not follow through with their promise of compensation, *see id.* ¶ 33; and

1   (6) that as a result, Plaintiff was harmed because he was denied the compensation allegedly

2   owed, *see id.* ¶ 34.  Because the alleged fraud occurred at the time the contract was entered

3   into, and this information is within Defendants' knowledge, the "where" requirement of

4   Rule 9(b) can be relaxed with respect to this part of Plaintiff's allegation for false promise.

5   *See Moore*, 885 F.2d at 540.  Thus, Plaintiff argues that he sufficiently alleges a false

6   promise claim against Defendants by virtue of the promise made by the CEO of Vocus,

7   Inc.

8          Defendants nonetheless contend that that under Rule 9(b), the FAC cannot "merely

9   lump multiple defendants together but [the plaintiff must] differentiate their allegations

10  when suing more than one defendant . . . and inform each defendant separately of the

11  allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP,* 476

12  F.3d 756, 764-65 (9th Cir. 2007) (citation and internal quotation marks omitted).  The

13  Court agrees.  Plaintiff urges that a relaxed standard applies because "instances of

14  corporate fraud may also make it difficult to attribute particular fraudulent conduct to each

15  defendant as an individual." *Moore*, 885 F.2d at 540; *cf. Circle Click Media LLC v. Regus

16  Mgmt. Grp.*, No. 12-04000 SC, 2013 WL 57861, at *6 (N.D. Cal. Jan. 30, 2013)

17  (concluding that where plaintiffs allege that defendants are alter egos of one another,

18  defendants' corporate relationship is in the sole possession of defendants, and plaintiffs are

19  entitled to discovery on this matter, even on fraud claims).  Here, however, Plaintiff does

20  not allege that Defendants are alter egos of one another.  He does not allege what authority

21  the CEO of Vocus, Inc. had to speak on behalf of each Defendant, nor whether the CEO

22  was speaking within the scope of his authority as CEO when he allegedly made the false

23  promise.  As currently pleaded, each Defendant does not have fair notice of their alleged

24  misconduct.  Accordingly, Defendants' motion to dismiss Plaintiff's Fifth Claim for Relief

25  for false promise fraud is GRANTED WITH LEAVE TO AMEND to cure these pleading

26  deficiencies.

27

28

United States District Court
Northern District of California

12

United States District Court
Northern District of California

**VII.   Plaintiff Fails to State a Claim for Negligent Misrepresentation.**

Plaintiff alleges in his Seventh Claim for Relief that Defendants are liable for making negligent misrepresentations.  Defendants contend that Plaintiff's claim for negligent misrepresentation is really a fraud claim, subject to Rule 9(b)'s heightened pleading and particularity requirements.  The Ninth Circuit "has not yet decided" whether Rule 9(b) applies to negligent misrepresentation claims.  *Anschutz Corp. v. Merrill Lynch & Co.*, 785 F. Supp. 2d 799, 823 (N.D. Cal. 2011) (assuming Rule 9(b) applies).  However, district courts within the Ninth Circuit have recently held that Rule 9(b) is expressly limited to allegations of fraud or mistake, and does not apply to a claim for negligent misrepresentation; this is because negligent misrepresentation requires a showing that a defendant failed to use reasonable care – "an objective standard [that] does not result in the kind of harm that Rule 9(b) was designed to prevent . . . ."  *Petersen v. Allstate Indem. Co.*, 281 F.R.D. 413, 417-18 (C.D. Cal. 2012); *see, e.g.*, *Howard v. First Horizon Home Loan Corp.*, No. 12-CV-05735-JST, 2013 WL 6174920, at *5 (N.D. Cal. Nov. 25, 2013) (same). The Court finds the reasoning of these cases persuasive, and joins in their holdings that negligent misrepresentation claims are not subject to the heightened pleading standards of Rule 9(b).  Thus, this Court must decide whether Plaintiff has stated a claim upon which relief can be granted under Rule 8(a)'s liberal pleading standards.

To plead a claim for negligent misrepresentation, a plaintiff must plead "(1) the misrepresentation of a past or existing material fact, (2) without reasonable ground for believing it to be true, (3) with intent to induce another's reliance on the fact represented, (4) justifiable reliance on the misrepresentation, and (5) resulting damage."  *Apollo Capital Fund, LLC v. Roth Capital Partners, L.L.C.,* 158 Cal. App. 4th 226, 243 (2007).  It is unclear to which representations Plaintiff refers in the FAC.  Plaintiff alleges that Defendants misrepresented the value of Vocus stock, *see* FAC ¶ 33, as well as their intention of paying him $1,000,000 for his work for Defendants.  *See id.* ¶ 30.  Defendants argue that Plaintiff's negligent misrepresentation claim is little more than disappointment about stock value predictions that did not come to fruition, rather than misrepresentations

13

about facts that support any fraud or misrepresentation claim.  Defendants are correct that "[p]redictions as to future events . . . are deemed opinions, and not actionable fraud." *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. App. 4th 153, 158 (1991).  A promise that 20,0000 shares of stock would be worth at least $300,000 in September of 2013 is a prediction, and is therefore not a representation of a "past or existing material fact."  *Id.*

Plaintiff alleges actionable representations of existing material facts by Defendants, such as Defendants' promise to pay him a salary, which they ultimately did not, and the promise to award him "sufficient" stock to reach $300,000, which Defendants also failed to honor.  However, Plaintiff also alleges in other portions of the FAC that when Defendants made these representations, they did not intend to perform at the time and the promises were intended to deceive or induce the promisee to perform.  These alleged misrepresentations were thus a type of *intentional* misrepresentation.  Plaintiff's alternative contention that he was promised "sufficient stock" to reach $300,000 is immaterial because "making a promise with an honest but unreasonable intent to perform is wholly different from making one with no intent to perform."  *Id.*   The only basis for Plaintiff's claim that Defendants had insufficient grounds to believe the above representations is his allegation that "Defendants never intended to be bound."  *See* FAC ¶ 31.  Because this is an assertion of an intentional false promise, Plaintiff has not alleged a *negligent* misrepresentation.  *See Stevens v. JP Morgan Chase Bank, N.A.*, No. C 09-03116 SI, 2010 WL 329963, at *7 (N.D. Cal. Jan. 20, 2010) ("California law distinguishes between negligent misrepresentation, which is based on a statement of past or existing material fact, and fraud, which is based on an intentional false promise. . . . There is thus no cause of action in California for the so-called 'negligent false promise.'").

Consequently, Plaintiff fails to state a claim for relief for negligent misrepresentation.  The Court questions whether granting leave to amend is futile; however, out of an abundance of caution, the Court GRANTS Defendants' motion to dismiss Plaintiff's Seventh Claim for Relief WITH LEAVE TO AMEND so as to allege that Defendants made some negligent statement about a past or existing material fact (i.e.

United States District Court
Northern District of California

14

not an intentional misrepresentation or a prediction).

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss the SECOND, FIFTH, SIXTH and SEVENTH Claims for Relief, WITH LEAVE TO AMEND, and DENIES the motion as to the remaining claims for relief.  Plaintiff shall file any amended complaint no later than **August 13, 2014**.

**IT IS SO ORDERED.**

Dated:   07/23/14

THELTON E. HENDERSON
United States District Judge